THOMAS WENDALL, Junior, *vs.* WILSON GREATON.

*Costs.    Nuisance.    Practice.    R. S., c. 82, § 107 and c. 83, § 1.*

In an action on the case for nuisance to real estate, brought in this court, full costs are to be taxed although the damages recovered are less than twenty dollars.

ON EXCEPTIONS.

CASE for nuisance to the dwelling house of the plaintiff in Farmington, declared to be owned and occupied by him, by the erection of a privy in proximity thereto, which was allowed to remain in an offensive condition. At the September term, 1873,

a verdict was rendered for the plaintiff, assessing damages at ten dollars and fifty-two cents. Upon appeal to him from the clerk's taxation, the justice presiding ruled that full costs, amounting to thirty-three dollars and thirteen cents, were properly allowed. The defendant excepted.

*H. L. Whitcomb* and *S. C. Belcher*, for the defendant.

*Elias Field*, for the plaintiff.

APPLETON, C. J. This is an action of the case, brought in this court, for a nuisance to the plaintiff's real estate, caused by an erection of the defendant, upon his own land, by which the plaintiff's real estate was diminished in value, and he was deprived of its comfortable enjoyment. The jury rendered a verdict for ten dollars and fifty-two cents damages, in favor of the plaintiff.

The plaintiff taxed full costs, which were allowed by the court. To this allowance the defendant alleges exceptions.

The writ sets forth the plaintiff's ownership and occupation of the dwelling house injuriously affected by the defendant's wrongful acts. It is well settled that the declaration is to be regarded as part of the pleadings. *Burnham* v. *Ross*, 47 Maine, 456.

It is not necessary under R. S., c. 82, § 107, and c. 83, § 1, that the action should be trespass *quare clausum*, to entitle the plaintiff to recover full costs. It is enough that it is an action which does and may concern real estate.

In *Williams* v. *Veazie*, 8 Maine, 106, in an action on the case for digging a trench and diverting water from the plaintiff's mill, full costs were awarded the plaintiff, though the damages awarded were less than twenty dollars. So, when case is brought for obstructing a water course by throwing lathe edgings in the stream. *Simpson* v. *Seavey*, 8 Maine, 138. In an action for carelessly setting a fire by which trees on the plaintiff's land were burned, full costs were allowed though the damages recovered were less than twenty dollars. *Mellows* v. *Hall*, 49 Maine, 335. Actions, which put in issue rights to real estate, though in form personal,

are regarded as real actions within the meaning of the Massachusetts statute regulating costs in appeals from the common pleas. *Plympton* v. *Baker*, 10 Pick., 473. In an action on the case for corrupting the water of a well on the plaintiff's land, by constructing a nuisance on the adjoining land, the plaintiff is entitled to full costs, though the verdict be for less than twenty dollars damages. The plaintiff is entitled to full costs.

*Exceptions overruled.*

WALTON, DICKERSON, BARROWS, VIRGIN and PETERS, JJ., concurred.